IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK ADAM YEAGER, | : | Civil No. 1:22-CV-01996 |
| Petitioner, | : | |
| v. | : | |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : | Judge Jennifer P. Wilson |
| Respondents. | : | |

## **MEMORANDUM**

Frank Adam Yeager ("Petitioner"), an inmate confined at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"), commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of his parole by the Pennsylvania Board of Probation and Parole (the "Board"). (Doc. 1.) For the reasons discussed below, the court will deny the petition.

### BACKGROUND

Petitioner was sentence to ten to twenty years of incarceration after pleading guilty to Rape. (Doc. 9-1.) Petitioner is currently serving his term of imprisonment at SCI-Waymart.

On September 2, 2022, Petitioner's parole was denied for the following reasons: (1) his risk and needs assessment indicates his level of risk to the community; (2) the negative recommendation made by the Department of

1

Corrections; (3) reports, evaluations and assessments/level of risk indicates his risk to the community; (4) his lack of remorse for the offense committed; (5) the negative recommendation made by the prosecuting attorney; and (6) the nature of the crime. (Doc. 9-1, pp. 6–7.)[1]

On December 16, 2022, the court received and docketed a petition pursuant to 28 U.S.C. § 2254 challenging the Board's decision denying Petitioner's parole. (Doc. 1.) Specifically, Petitioner alleges that all the factors considered by the Board were "clouded by the fact that Mr. Yeager has a severe deformity, likening to that of Quasimodo, 'the Hunchback of Notre Dame,' which makes him appear frightening and dangerous to those who do not know of his docile nature." (Doc. 1, p. 7.) Petitioner alleges that "such fear has possibly lead [sic] to multiple entries being placed in his parole file that harm his clear opportunity for parole." (*Id*.) He alleges that he is being discriminated against based on his disability and argues that completion of programs is evidence that a defendant is no longer a danger to the community. (*Id*., pp. 7–9.)

Respondent filed a response on March 9, 2024. (Doc. 9.) Petitioner filed a traverse on March 29, 2024. (Doc. 10.) The petition is now ripe to be addressed by the court.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

**VENUE**

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner is in custody in at SCI-Waymart located in Wayne County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, venue in this district is proper.

**STANDARD**

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

The role of a federal court is confined to reviewing the substance of the state parole decision to determine whether the Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Stated simply, the court must evaluate whether the Board abused its discretion. In order to show a violation of substantive due process, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs; or (2) the Board failed to apply appropriate, rational criteria in reaching its determination. *Block*, 631 F.2d at 236. "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The Third Circuit has held that the "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted). In determining whether a state court decision was based on an unreasonable determination of the facts:

> federal court review considers only whether the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The statute directs the federal

4

> court to *presume* that all determinations of fact made by the state court are correct and requires that the petitioner present "clear and convincing evidence" to rebut this presumption.

*Id*. at 245–46.

Under 61 Pa. C.S. § 6135, the Board must evaluate, among other factors: (1) the nature and circumstances of the offense; (2) any recommendations made by the trial judge and prosecuting attorney; (3) the general character and background of the inmate; (4) the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed; and, (5) the conduct of the person while in prison and his physical, mental and behavioral condition and history and his complete criminal record. 61 Pa. C.S. § 6135(a).

## DISCUSSION

Petitioner has not established that the September 2, 2022 denial of parole amounted to an unreasonable exercise of the Board's discretion. Rather, it is apparent from the arguments raised in the habeas petition that Petitioner merely disagreed with the criteria the Board relied upon to deny him parole and broadly argues that he was discriminated against based on his disability and asserts that the completion of programs is evidence that a defendant is no longer a danger to the community. (Doc. 1, pp. 6–8.)

5

However, Petitioner provides no evidence that his disability led to any entries being placed in his parole file or that he completed any programs. This unsupported challenge to the Board's administrative decision to deny Petitioner's parole is unavailing and the petition will be denied.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).  Here, jurists of reason would not find the disposition of this case debatable. Accordingly, no COA will be issued.

## Conclusion

For the foregoing reasons, Petitioner's habeas petition will be denied.  A certificate of appealability shall not issue.  An appropriate order will be entered.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: December 27, 2024